Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| DEBRA JOANN COATES GRIFFIN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SENIOR HEALTHCARE ADVISORS LLC<br><br>Defendant. | CIVIL ACTION FILE NO.<br>6:25-cv-1220<br><br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff Debra Joann Coates Griffin (hereinafter collectively referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394

1

Complaint

(1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Senior Healthcare Advisors LLC ("Defendant") made telemarketing calls to numbers on the National Do Not Call Registry, including their own.

Complaint

4. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff is a natural person residing in Lincoln County, Oregon, located within this District.

7. Defendant Senior Healthcare Advisors LLC is a limited liability company located in Broward County, Florida.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events giving rise to this action occurred in this district.

10. This Court has personal jurisdiction over the Defendant and venue is proper because the Plaintiff resides in this District and the calls made by Defendant were made into and received by Plaintiff in this District to the Plaintiff's cellular telephone number on the National Do Not Call Registry.

## TCPA BACKGROUND

11.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

15.     Defendant is an insurance brokerage company that makes telemarketing calls to generate new customers.

16.     Plaintiff is, and has been for many years, the subscriber and customary user of her cellular telephone number—(541) XXX-XXXX.

17.     Plaintiff uses, and at all times used, telephone number (541) XXX-XXXX as her personal residential number.

18.     Plaintiff does not use, and has never used telephone number (541) XXX-XXXX for business or commercial purposes.

19.     Plaintiff registered her number on the National Do Not Call Registry on August 21, 2021, well over 30 days prior to receiving the calls at issues.

20.     Plaintiff does not have a landline telephone number in her home or any other telephone number.

21.     Plaintiff uses her cellular phone number primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

22.     Plaintiff personally pays for her cell phone plan; she is not reimbursed by any business.

23.     Plaintiff received two calls to her cellular telephone from Defendant.

24.     The first call was on June 11, 2025.

25.     The call was autodialed from (541) 262-3860.

26.     Plaintiff rejected the call.

27.     The second call was on June 24, 2025.

28.     The call was autodialed from (541) 262-0754.

29.     Plaintiff answered the call and spoke to a person who conducted the initial sales pitch, including by asking her a series of questions about her age, whether she had insurance, and whether she had Medicare, all of which were geared towards selling her medical insurance.

30.     Plaintiff was transferred during the call to "Richard Storch" who identified himself as being employed by Defendant Senior Healthcare Advisors LLC.

31.     Mr. Storch is in fact a licensed agent with the Defendant, as Oregon State insurance records confirm, including by having an email address at the Defendant's website.

32.     Mr. Storch spoke with Plaintiff and attempted to sell her medical insurance.

Complaint

33. The calls received by Plaintiff were sent for the purpose of encouraging the purchase of medical insurance.

34. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

35. The calls were intended for someone other than, and unknown to, Plaintiff.

36. Defendant called Plaintiff's telephone number (541) XXX-XXXX thirty-one or more days after Plaintiff registered it with the DNC Registry.

37. Plaintiff did not give Defendant prior express consent or permission to contact (541) XXX-XXXX.

38. Plaintiff did not request information or promotional materials from Defendant.

39. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

40. Upon information and good faith belief, Defendant knew or should have known, that telephone number (541) XXX-XXXX was registered with the DNC Registry.

## CLASS ALLEGATIONS

41. Plaintiff seeks certification of the following Classes pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2 and as a representative of the following class:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

42. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents,

6

Complaint

successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

43.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

44.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

45.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

46.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA; and

(b)     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

48. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in class actions. The Plaintiff have no interests antagonistic to those of the Class, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Class.

49. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

    d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

52. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

53. The class is ascertainable because it is defined by reference to objective criteria.

Complaint

54. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

55. Plaintiff's claims are typical of the claims of the members of the class.

56. As it did for all members of the class, Defendant delivered, or caused to be delivered, calls to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

57. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

58. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

59. Plaintiff suffered the same injuries as the members of the class.

60. Plaintiff will fairly and adequately protect the interests of the members of the class.

61. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

62. Plaintiff will vigorously pursue the claims of the members of the class.

63. Plaintiff has retained counsel experienced and competent in class action litigation.

64. Plaintiff's counsel will vigorously pursue this matter.

65. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

66. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

67. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

68. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

69. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

70. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

71. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

72. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

73. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

74. There will be no extraordinary difficulty in the management of this action as a class action.

75. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

Complaint

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

76. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

77. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

78. The Defendant's violations were negligent, willful, or knowing.

79. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

80. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, including to numbers on the National Do Not Call Registry;

Complaint

      B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

      C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

      D.      Certification of the Class as alleged herein;

      E.      Appointment of Plaintiff as representative of the Class;

      F.      Appointment of the undersigned as counsel for the Class;

      G.      Attorneys' fees and costs, as permitted by law; and

      H.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

**Date: July 12, 2025**

> s/Andrew Roman Perrong
> Andrew Roman Perrong, OSB No. 243320
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, PA 19038
> 215-225-5529
> *Lead Attorney for Plaintiff and the Proposed Class*

Complaint