**Chad M. Colton, OSB #065774**
ChadColton@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Mark A. Salky,** *Pro Hac Vice Forthcoming*
Florida Bar No. 058221
Mark.Salky@GTLaw.com
**James E. Gillenwater,** *Pro Hac Vice Forthcoming*
Florida Bar No. 1013518
GillenwaterJ@GTLaw.com
**Jameris M. Ocasio Palacios,** *Pro Hac Vice Forthcoming*
Florida Bar No. 1049691
Jameris.OcasioPalacios@GTLaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, FL  33131
Telephone: (305) 579-0500

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DEBRA JOANN COATES GRIFFIN, | Case No. 6:25-cv-01220-AA |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT** |
| v. | |
| SENIOR HEALTHCARE ADVISORS LLC, | **REQUEST FOR ORAL ARGUMENT** |
| Defendant. | |

Page 1 –     DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

## LOCAL RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1, on September 15, 2025, counsel for Defendant conferred with Plaintiff's counsel telephonically in good faith on the relief requested in this Motion, and counsel for Plaintiff indicated that the Motion is opposed.

## MOTION

For the reasons set forth in the attached legal memorandum, Defendant Senior Healthcare Advisors, LLC ("SHA") by and through the undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing Plaintiff's Complaint [ECF No. 1] in its entirety and with prejudice or, in the alternative, dismissing or transferring the case to the United States District Court for the Western District of Texas (Austin Division) pursuant to Federal Rule of Civil Procedure 12(b)(3).

## MEMORANDUM OF LAW

### I.   Introduction and Relevant Factual Allegations

This case arises from two alleged telemarketing calls made to Plaintiff, Compl. ¶¶ 23-34, who now seeks to transform those isolated communications into a nationwide class action under the Telephone Consumer Protection Act ("TCPA"). *Id*. ¶¶ 41, 76-80. But Plaintiff's claims fail at the threshold because she (1) lacks standing to bring them because she consented to be contacted; and (2) consented to exclusive jurisdiction in Texas.

On June 17, 2025, Plaintiff encountered an online advertisement regarding healthcare coverage. *See* Declaration of Joshua Briggs in Support of Defendant's Motion to Dismiss or Transfer, filed separately ("Digipropz Decl.") ¶¶ 5, 8, 10. That advertisement contained options related to the viewer's health insurance coverage as large, green clickable buttons—among which was a "Skip / No Call" option:

Page 2 –    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
            TRANSFER THE COMPLAINT



Page 3 –   DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

*Id.* ¶¶ 6, 12. In addition to including a "Skip / No Call" button as conspicuously as all other clickable options, the advertisement contains several disclosures *above* the large green buttons: (1) "Sponsored Ad;" (2) "Question Not Required;" and (3) that "By Selecting Any Other Option Other than Skip, You Will Be Connected With A Licensed Sales Agent to Check Your Eligibility To Enroll And Learn More About These Plan Options." *Id.* Immediately below the "Skip / No Call" option, the advertisement further explains:

- "By clicking any of the options above except 'Skip/No Call', I provide express written consent and continuing established business relationship permission via my electronic signature through this webform to initiate a chat interaction for a license[d] sales agent associated with . . . **Senior Healthcare Advisors, LLC**, to contact me via chat, text, or call at [##########], and any other subscriber or user of this phone number, even if the number is on the National Do Not Call registry."

- "I consent to being contacted via chat, a live, automated dialing system telephone call, pre-recorded and artificial voice messages, SMS text, or email."

- "I further understand that this request, initiated by me, is my affirmative consent to be contacted which is in compliance with all federal and state telemarketing and Do-Not-Call laws."

- "I agree to the Terms and Conditions and Privacy Policy."[1]

*Id.* ¶ 6. The Terms and Conditions ("Terms") include a mandatory forum-selection clause, which provides, in relevant part:

> YOU IRREVOCABLY AGREE THAT ANY CAUSE OF ACTION YOU MAY SUBMIT ARISING OUT OF OR RELATING TO YOUR USE OF THE SITE, ANY SERVICES ON THE SITE OR PURSUANT TO THESE TERMS WILL BE FILED IN THE STATE OR FEDERAL COURTS OF TRAVIS COUNTY, TEXAS, WHICH WILL BE THE SOLE AND EXCLUSIVE VENUE OF ANY LEGAL DISPUTE. YOU COVENANT NOT TO SUE US IN ANY OTHER FORUM FOR ANY CAUSE OF ACTION. YOU ALSO AGREE THAT ANY DISPUTE BETWEEN YOU AND US WILL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, EXCLUSIVE OF ANY CONTRARY CHOICE OF RULE.

---

[1] The Terms and Conditions and Privacy Policy appeared as clickable hyperlinks which navigated the consumer to the full agreements when clicked on.

Page 4 –    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

Digipropz Decl. at Ex. 1 (Terms and Conditions) at ¶ 13.[2]

Plaintiff agreed to the Terms, and all of the disclosures in the advertisement, by interacting with the advertisement and choosing one of the green button options other than the green "Skip/ No Call" option. *Id.* ¶ 11. The TrustedForm Certificate of Authenticity of Web Leads shows that, on June 17, 2025, at approximately 2:08 PM ET, Plaintiff visited https://find.my-cash-searches.com/ from her Android mobile device, where she clicked through various pages and filled out her personal information, including her name, birthday, address, email address, gender, and phone number, prior to encountering the healthcare ad. *Id.* ¶¶ 5, 10.[3] The TrustedForm certificate includes a Session Replay video, which shows Plaintiff's screen while interacting with the advertisement. *Id.* ¶¶ 8, 11, 12. It reveals three key things, all of which are shown in the screen captures below: (1) Plaintiff's mobile device depicted the advertisement re-sized with enlarged text to fit on the mobile screen; (2) Plaintiff scrolled past the green buttons to where the remaining disclosures below the green buttons were visible; and (3) Plaintiff interacted with the ad and clicked one of the green buttons besides the "Skip / No Call" option. *Id.* ¶¶ 11-12.

---

[2] Travis County includes Austin, Texas, which is located within the jurisdiction of the United States District Court for the Western District of Texas.

[3] Plaintiff's personal information, including her phone number, are captured in the TrustedForm Event Log. *See* Digipropz Decl. ¶¶ 8-10.

Page 5 –    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

 

*Id.* By interacting with the advertisement, Plaintiff lacks Article III standing because she expressly consented to receive the very calls of which she now complains. Having voluntarily agreed to receive communications from SHA, Plaintiff cannot plausibly allege an injury-in-fact, and her Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

  In the alternative, even if this Court were to look past Plaintiff's clear lack of standing, Plaintiff's Complaint should be dismissed or transferred based on the forum selection clause she agreed to in the Terms. Plaintiff unequivocally agreed to litigate any disputes exclusively in the state or federal courts located in Travis County, Texas—including the United States District

Page 6 –     DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
      TRANSFER THE COMPLAINT

Court for the Western District of Texas. For this reason, venue is improper in this Court, and the case should be dismissed or transferred in accordance with the parties' binding forum-selection clause.

For these reasons, SHA moves to dismiss or transfer Plaintiff's Complaint.

## II.     Argument

### A.     Plaintiff Lacks Standing

Setting aside that venue is improper in this Court, the Complaint should be dismissed in its entirety for want of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims." *Porter v. Garland*, No. 3:22-CV-01178-HZ, 2023 WL 2140098, at *1 (D. Or. Feb. 17, 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient." *Porter*, 2023 WL 2140098, at *1 (citing *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (holding that courts treat a motion attacking the substance of a complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]" (internal citation omitted))). "Additionally, the court may consider evidence outside the pleadings to resolve factual disputes." *Porter*, 2023 WL 2140098, at *1 (citing *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (stating that a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may "rely on affidavits or any other evidence properly before the court").

Page 7 –     DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

"A challenge to standing is appropriately raised under Rule 12(b)(1)." *Porter*, 2023 WL 2140098, at *2 (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)") (emphasis omitted); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss.")).

Applying these standards here, Plaintiff cannot establish Article III standing because she consented to receive the very calls she challenges. *See* Digipropz Decl. ¶¶ 6, 10-12. The advertisement at issue did not bury or obscure its disclosures—it placed them directly above the large, green option buttons. *Id.* ¶ 6. Among those disclosures, the ad expressly warned: *"By Selecting Any Option Other than Skip, You Will Be Connected With A Licensed Sales Agent to Check Your Eligibility To Enroll And Learn More About These Plan Options." Id.* A reasonable consumer, confronted with that language, would understand that choosing anything other than "Skip / No Call" would result in a "Call" from a licensed sales agent. And, any reasonable consumer who may have had any doubt about what "being connected" meant in the face of the option to click all of the green buttons besides the "Skip / No Call" button would naturally read the entirety of the advertisement, including the accompanying text directly below the green buttons. That text further explained—in clear, conspicuous, and unambiguous terms—that:

> By clicking any of the options above except 'Skip/No Call', I provide express written consent and continuing established business relationship permission via my electronic signature through this webform to initiate a chat interaction for a license[d] sales agent associated with . . . **Senior Healthcare Advisors, LLC**, to contact me via chat, text, or call at [##########], and any other subscriber or user of this phone number, even if the number is on the National Do Not Call registry.

*Id*.

Equally important, Plaintiff was not forced into consenting. The advertisement gave her a very large, conspicuous "Skip / No Call" button as an express opt-out option. She could have ignored the ad altogether or affirmatively selected "Skip / No Call" to avoid any contact. Instead, Plaintiff chose to proceed by clicking one of the other green buttons, thereby providing the very consent that now defeats her claim. *Id.* ¶ 11.

Consent to receive the communications at issue negates the existence of a concrete and particularized injury-in-fact, thereby precluding standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [Plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."), *as revised* (May 24, 2016); *United States v. Honolulu Plantation Co.*, 182 F.2d 172, 177 (9th Cir. 1950) ("To those consenting, there is no injury."); *Thomas v. City of La Grande*, 164 Or. 387, 400 (1940) ("'Volenti non fit injuria', no legal wrong is done to him who consents."). Courts have consistently recognized that a Plaintiff cannot bring a TCPA violations claim where she voluntarily provided consent to the challenged communications. *See, e.g.*, *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) ("[P]rior express consent is a complete defense to [a] TCPA claim."). Because Plaintiff cannot, as a matter of law, be concretely injured by the alleged calls that she expressly consented to receive, she lacks standing to pursue her claim. The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### B.    Alternatively, Venue Is Improper in this Court

Even if Plaintiff did not clearly lack standing (she does), dismissal or transfer would independently be required because the Terms assented to by Plaintiff when interacting with the ad and choosing to opt-in to SHA's services contain a valid and enforceable forum selection clause mandating that any claims between the parties be brought exclusively in the state or

federal courts of Travis County, Texas—including the United States District Court for the Western District of Texas.

"A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3). Consequently, the pleadings need not be accepted as true, and facts outside the pleadings properly may be considered." *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005). "Federal law governs the enforceability of forum selection clauses." *Beard v. PayPal, Inc.*, No. CIV.A. 09-1339-JO, 2010 WL 654390, at *2 (D. Or. Feb. 19, 2010). "A forum selection clause is presumptively valid: '[T]he party seeking to avoid a forum selection clause bears a "heavy burden" to establish a ground upon which [the court] will conclude the clause is unenforceable.'" *Id.* (alteration in original) (quoting *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009)); *see also Atlantic Marine Constr. Co. v. U.S.D.C. for W. D. of Texas*, 571 U.S. 49, 63 (2013) (providing that forum selection clauses should be given controlling weight "in all but the most exceptional cases").

Here, the forum selection clause appears in the Terms and Conditions, which is expressly incorporated into and accessible through the disclosures within the advertisement which Plaintiff opted to interact with. Digipropz Decl. ¶¶ 6-7, 11, Ex. 1. "Under Oregon law, where a written instrument refers 'in specific terms to another writing, the other writing is a part of the contract.'" *Bridgewell Res. LLC v. Tanamera Constr., LLC*, No. 3:20-CV-00518-YY, 2021 WL 3701360, at *14 (D. Or. June 1, 2021) (quoting *Hous. Auth. of Jackson Cty. v. Gates*, 246 Or. App. 521, 525 (2011)), *report and recommendation adopted,* No. 3:20-CV-518-YY, 2021 WL 3215087 (D. Or. July 29, 2021). "It does not matter whether the writing to be incorporated is provided to the offeree, so long as the writing is available." *Bridgewell Res. LLC*, 2021 WL 3701360, at *14 (citing *NW Pac. Indem. v. Junction City Water Dist.*, 295 Or. 553, 558 (1983)

Page 10 –    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

(finding writing was incorporated by reference when it was "available upon request")). "Failure to read the incorporated writing is not a defense to its enforcement." *Id.*

The incorporation by reference of the Terms here, and the process for retrieving such Terms, is express, clear, and conspicuous. The Terms are accessible through a hyperlink found within the advertisement's text, stating "I agree to the Terms and Conditions." Digipropz Decl. ¶¶ 6-7, Ex. 1. As shown here, the hyperlink is called attention to by being in contrasting blue, underlined text. *Id.* ¶ 6. Plaintiff thus had the notice and ability to review the Terms to which she was agreeing by just **one click**—and therein find the forum selection clause appearing conspicuously in all capital letters. *Id.* at Ex. 1 at ¶ 13. Indeed, other courts within this District have found that such forum selection clauses in Terms and Conditions incorporated by reference to webpages are enforceable, even where the process of locating such clause requires more steps than Plaintiff had here:

> [T]he forum selection clause and the process of locating it is sufficiently express, clear, and conspicuous. The clause's "subject to" language is the sort of direct language typically used to effectuate an incorporation by reference. Further, it only took **two clicks** to locate the operative document, and the terms and conditions webpage only listed two options, one of which contained the terms "Order Acknowledgement" and "Terms and Conditions" in the title. Although the titles differ slightly, the bid, the link, and the document containing the forum selection clause consistently refer to "order acknowledgment" and "terms and conditions." This language is sufficiently clear, express, and conspicuous to incorporate the terms and conditions by reference. In *In re Holl*, 925 F.3d 1073, 1083-84 (9th Cir. 2019), the Ninth Circuit denied a writ of mandamus and let stand a district court's order finding that an arbitration clause was enforceable in an online adhesion contract that incorporated by reference online terms and conditions even though locating them required "several steps and a fair amount of web-browsing intuition." Here, it took fewer steps and less intuition to locate Bridgewell's web-based terms and conditions. . . . **The forum selection clause in Bridgewell's web-based terms and conditions is part of the operative contract.**

*Bridgewell Res. LLC*, 2021 WL 3701360, at *15-16 (emphasis added) (citations omitted).

Page 11 –   DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT

Accordingly, the forum selection clause in the Terms here forms part of the disclosures Plaintiff agreed to by clicking a button in the ad other than the "Skip / No Call" button, and is thus presumed valid and enforceable. *See* Digipropz Decl. ¶¶ 6-7, 11; *Beard*, 2010 WL 654390, at *2.[4] The forum selection clause itself is also clear and unambiguous—appearing in all capital letters under the heading "Choice of Law and Forum." Digipropz Decl. at Ex. 1 at ¶ 13. Plaintiff agreed that "any cause of action [she] may submit arising out of or relating to [her] use of the site, any services on the site or pursuant to these terms will be filed in the state or federal courts of Travis County, Texas, which will be the **sole and exclusive venue of any legal dispute.**" *Id.* (emphasis added). This language is mandatory, not permissive, leaving no room for Plaintiff to assert claims in any other forum.

The Complaint must be dismissed or transferred to a federal court in Travis County, Texas, pursuant to the parties' forum selection clause.

---

[4] Although the Terms also contain a choice-of-law clause designating the laws of the state of Texas, Digipropz Decl. at Ex. 1 at ¶ 13, the Court need not reach it to grant a transfer for improper venue. *Atl. Marine Const. Co.*, 571 U.S. at 58 ("We rejected [in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)] the plaintiff's argument that state law governs a motion to transfer venue pursuant to a forum-selection clause, concluding instead that "federal law . . . governs the District Court's decision whether to give effect to the parties' forum-selection clause"); *see also Beard*, 2010 WL 654390, at *2 ("Federal law governs the enforceability of forum selection clauses."). In any event, the result would be the same under Texas law. *E.g.*, *Johnson v. Sw. Recovery Servs. Inc.*, No. 3:22-CV-242-X-BH, 2023 WL 1944127, at *8 (N.D. Tex. Jan. 23, 2023) ("Texas courts have found that 'assent through an affirmative "click" is sufficient to bind the parties.'"); *Phillips v. Neutron Holdings, Inc.*, No. 3:18-cv-3382, 2019 WL 4861435, at *5 (N.D. Tex. Oct. 2, 2019) ("Here, the Court finds that the hyperlink to the User Agreement on [the] sign-up screen was reasonably conspicuous and placed [the user] on notice of the User Agreement. . . . Moreover, the notice is legible, and the hyperlinked words 'User Agreement & Terms of Service' are in dark, bold font, making them stand out from both the white screen and the surrounding gray text. Based on these circumstances, a 'reasonably prudent smartphone user' would understand that by signing up . . . , he or she is assenting to the User Agreement. Accordingly, [the user] manifested his assent to be bound by the User Agreement—which provides for arbitration—when he clicked the "NEXT" button after entering his phone number[.]").

**Page 12 –    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE COMPLAINT**

## III. Conclusion

For the foregoing reasons, Defendant Senior Healthcare Advisors, LLC respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice or transfer the case to the United States District Court for the Western District of Texas.

DATED: September 15, 2025.   MARKOWITZ HERBOLD PC

*/s/ Chad M. Colton*
Chad M. Colton, OSB #065774
ChadColton@MarkowitzHerbold.com

GREENBERG TRAURIG, P.A.
Mark A. Salky, *Pro Hac Vice Forthcoming*
Mark.Salky@GTLaw.com
James E. Gillenwater, *Pro Hac Vice Forthcoming*
GillenwaterJ@GTLaw.com
Jameris M. Ocasio Palacios, *Pro Hac Vice Forthcoming*
Jameris.OcasioPalacios@GTLaw.com

*Attorneys for Defendant*