Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| DEBRA JOANN COATES GRIFFIN, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 6:25-cv-1220 |
| Plaintiff, | : : | BRIEF IN OPPOSITION TO DEFENDANT'S |
| v. | : : : | MOTION TO DISMISS TCPA (47 U.S.C. § 227) |
| SENIOR HEALTHCARE ADVISORS LLC | : : : | DEMAND FOR JURY TRIAL |
| Defendant. | : : : : | |
| _____ / | : | |

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls-3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020). The TCPA also restricts calls made to numbers on the National Do Not Call Registry.

"The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

This case is no different. The Plaintiff alleges a straightforward claim based on her receipt of several unsolicited telemarketing calls. Like nearly every other Court to consider the issue, the Plaintiff has plainly and unequivocally alleged, and supported that through the affidavit herein, that (a) she did not consent to receive any of the solicitations at issue, and (b) that she did not contract in any manner with the Defendant, including for venue. Those are unquestionably disputed facts that do not warrant dismissal at the pleadings stage. Defendant's affirmative

defense of consent is just that: an affirmative defense that should be decided at jury trial. This matter should continue to discovery and the Defendant's motion to dismiss should be denied.

## FACTUAL BACKGROUND

The Plaintiff filed the instant complaint alleging violations of the Telephone Consumer Protection Act for unsolicited calls which Defendant placed to her number on the National Do Not Call Registry. The Defendant has filed a Motion to Dismiss. This response follows.

## LEGAL STANDARD

The standard for 12(b)(1) challenges for a lack of subject matter jurisdiction are well-settled in this circuit. Notably, there exist two types of 12(b)(1) challenges, each with their corresponding standards: facial and factual challenges. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Defendant does not state which type of challenge it advances, but it is more appropriate for the Court to construe the challenge as a factual one as it submits additional evidence for the Court to consider. *Id.* As the Ninth Circuit has observed, the Defendant's burden is particularly substantial, and that "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional." *Id.* Accordingly, when, as here, the question of jurisdiction and the merits are intertwined with the statute, a 12(b)(1) motion is proper "only when the allegations of the complaint are frivolous." *Id.* When the jurisdictional issues of the case are so intertwined with the factual merits-based issues, the motion should be denied and the case allowed to proceed to a determination on the merits. *Id.* at 1040.

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. When a defendant challenges personal jurisdiction through a Rule 12(b)(2) motion, the plaintiff bears the burden of demonstrating that the exercise of personal jurisdiction over the defendant is proper. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). However, the plaintiff must make only a *prima facie* showing of

jurisdictional facts to withstand the motion. *Id.* In ruling on such a motion, the Court applies the same standard as in other motions, construing all facts in the light favorable to the nonmoving party and resolving all disputed facts in that party's favor. *Id.*

<u>ARGUMENT</u>

**A.  The Plaintiff states a claim for receiving a call without consent.**

"The Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019), *cert. denied, DISH Network L.L.C. v. Krakauer*, 140 S. Ct. 676 (2019). The relevant statute, 47 U.S.C. § 227(c)(5), prohibits violating any of the TCPA's implementing regulations. The relevant regulation here, 47 C.F.R. § 64.1200(c)(2), provides that "No person or entity shall initiate any telephone solicitation to: A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

The regulation further provides that "Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if: It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 C.F.R. § 64.1200(c)(2)(ii). Simply put, the regulation provides an *affirmative defense* of consent and does not permit this Court to adjudicate disputed issues of consent, as here, at the pleadings stage. To this end, Defendant's motion ignores Ninth Circuit authority that an affirmative defense is grounds for dismissal at the

pleading stage only if "the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

There is no such admission here. To the contrary, though Ms. Griffin's complaint is straightforward, it articulates far more than a threadbare legal conclusion. The complaint unequivocally states that "Plaintiff did not give Defendant prior express consent or permission to contact (541) XXX-XXXX" and that the "Plaintiff did not request information or promotional materials from Defendant." If there was any doubt, the Plaintiff's declaration makes clear that she did not request or have anything to do with the subject communications, including because much of the information is inaccurate. And Defendant has presented no additional information or evidence to show that Ms. Griffin *herself* visited the website or submitted any information at all. All the information the Defendant has (and the associated inaccuracy) is outlined below:

| Allegation | Truth |
|---|---|
| The IP address associated with the opt in is 174.194.132.224, a Verizon Business IP address. (ECF 9, p. 6). | This is not the Plaintiff's IP address and the Plaintiff has never subscribed to Verizon Business. Griffin Dec. ¶ 9. |
| The Plaintiff submitted the opt in from California. (ECF 9, p. 6). | The Plaintiff was driving at the time. Griffin Dec. ¶ 11. |
| The Plaintiff visited the website https://find.my-cash-searches.com/ (ECF 9, p. 6). | This website is not in Plaintiff's internet history. Griffin Dec. ¶ 12. |
| The Plaintiff submitted her information, including telephone number, name, and other personal information (ECF 9, p. 6, 7). | The information is simply publicly available biographical information about the Plaintiff. Griffin Dec. ¶ 13. |
| The Plaintiff was displayed an advertisement during the visit. (ECF 9, p. 3, 4). | The Plaintiff does not recognize the website screenshot or website. Griffin Dec. ¶ 16. |

As Abraham Lincoln once famously said, "a person surely knows where they reside just as they know their own name." Despite this, Defendant incredulously claims to this Court that Ms. Griffin doesn't know where she was, who her internet provider was, somehow visited the website (while having no recollection of it or record of it), and yet agreed to somehow agreed to

receive calls from the Defendant. To the extent that the Defendant posits some factual dispute as to whether the Plaintiff consented based on the disputed evidence it provides, the disputed factual questions outlined above will need to be addressed at a jury trial, not summary judgment, and certainly not a motion to dismiss.

Simply put, Ms. Griffin is not required to plead the lack of prior express consent, which has been universally recognized as an affirmative defense under the TCPA. The FCC has ruled that "if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 523 (8th Cir. 2017). Because Plaintiff has pled the *absence* of consent in her complaint, she has stated a valid claim at the pleadings stage. *Id.* Plaintiff plainly alleges that the calls were made without consent, unwelcomed, and did not come as a result of her invitation or request to be contacted, as outlined above. Her declaration confirms the complaint's allegations and points to a factual dispute.

Confusingly, and particularly problematically for the Defendant, including with respect to its venue motion, addressed *infra*, Defendant can't even get its story straight about what website the Plaintiff is alleged to have visited. Defendant's motion consistently states that the Plaintiff is alleged to have visited https://find.my-cash-searches.com/, *see, e.g.*, ECF No. 8 at 5, but the "Exhibit" for the terms and conditions attached to the motion is for *a different website entirely*, myprizesearch.com. ECF No. 9-1. But even *those* terms name neither Defendant nor DigiPropz. Thus, Defendant has not even met its own burden insofar as it cannot even produce the purported terms and conditions for the website the Plaintiff is alleged to have "visited," or is otherwise somehow confused as to what website it even alleges Plaintiff "visited" as an initial matter.

Even so, all this points to the fact that, to put it charitably, a factual dispute as to consent

exists. "Express consent is an affirmative defense on which the defendant bears the burden of proof." *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017); *Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 542 (9th Cir. 2022). A court will only grant a motion to dismiss based on an affirmative defense where the plaintiff has pleaded all elements of the affirmative defense in her complaint. *Boquist*, 32 F.4th at 774. Courts in the TCPA context have held that pleading the lack of consent is sufficient to state a claim and is not properly adjudicated at the pleadings stage. *See, e.g.*, *Franklin v. Depaul Univ.*, No. 16 C 8612, 2017 WL 3219253, at *4 (N.D. Ill. July 28, 2017) (denying a motion to dismiss where, as here, the complaint stated that the plaintiff never provided his phone number to the defendant or gave prior consent to be called); *Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 3056813, at *4 (N.D. Ill. July 7, 2014) (rejecting the defendant's prior express consent defense because the court was required to take the plaintiff's allegation that he did not consent to automated calls as true for purposes of the motion).

That Defendant is proceeding under Rule 12(b)(1) instead of Rule 12(b)(6) does not change the analysis. Plaintiff has alleged Defendant called her without consent, (Griffin Dec. ¶ 15), as alleged in the Complaint and confirmed through supplemental disputed facts. This is enough to place Defendant's jurisdictional challenge at issue. Nothing more is required to plead a dispute as to whether the Plaintiff has suffered a cognizable injury-in-fact at the pleadings stage. Variations of the same strategy have been rejected by federal courts. "While that argument has some superficial appeal, it is wrong. [Defendant's] argument is better understood as a well-disguised challenge to the legal merits of [Plainitff's] case, not as a challenge to his standing to pursue it." *Davis v. Wells Fargo*, 824 F.3d 333, 347 (3d Cir. 2016). As the Ninth Circuit, like the Third, has stressed, when the jurisdictional challenge goes to the merits of the underlying claim, that challenge is appropriately denied. As the Ninth Circuit has held regarding a similar motion:

Determining whether such consent was provided "requires an analysis of the merits of [Hall's] TCPA claim," and has no bearing on the question of Article III standing. . . . For the reasons discussed above, we hold that that the owner and subscriber of a cell phone listed on the Do-Not-Call Registry has Article III standing to bring claims under the TCPA for unsolicited calls or text messages directed to its number. Hall alleges that Defendants texted a phone number that she owned and subscribed to, contrary to the precise privacy expectations she vindicated by placing her number on the Do-Not-Call Registry. Nothing more is required.

*Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 991 (9th Cir. 2023).

*Hall* is controlling here. Given that Ms. Griffin has disputed the consent, and pled that she did not consent, this is sufficient at the pleadings stage to demonstrate her Article III standing and render a Rule 12(b)(1) dismissal inappropriate. Ms. Griffin's complaint makes no concession that she provided her prior express written consent to receive telemarketing calls. To the contrary, as his complaint makes clear, and as further evidenced by her own Declaration, Ms. Griffin very much disputes the purported website visit through which her information was obtained and unequivocally denies having submitted any information to it. Ms. Griffin backs these assertions up by evidentiary facts which would show that she did not visit the website. (*See generally* Griffin Dec. ¶ 7-16). Moreover, Ms. Griffin denies any relationship with Defendant. Despite the fact that Ms. Griffin is not required to plead the lack of the Defendant's affirmative defense nor plead around it, she has nonetheless done so. Because there exists, at best, a factual dispute as to the jurisdictional allegations intertwined with substantive issues, Ninth Circuit precedent leaves question that the motion must be denied. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004).

**B.  For similar reasons, venue is proper in the District of Oregon.**

This Court should similarly deny Defendant's motion to dismiss or transfer under Rule 12(b)(3), as well. The provisions of 28 U.S.C. § 1391(b) outline three places where venue is proper, in order of preference. First, venue is proper in "a judicial district in which any defendant

resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). That provision is out, since the Defendant does not reside, for venue purposes, in Oregon. Next, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2) (emphasis added). That is the provision under which venue is proper here, and which the Plaintiff pleads in her complaint.

Defendant's entire venue-based argument rises and falls, like its standing motion, on whether venue is proper based on disputed pleadings. Although, like on a Rule 12(b)(1) motion, the burden shifts to the Plaintiff when it has been alleged that venue is improper, *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979), courts must still resolve all reasonable inferences and factual conflicts in favor of the non-moving party once the non-movant has demonstrated contrary facts regarding venue. *Kantharia v. USCIS*, 672 F. Supp. 3d 1030, 1032 (C.D. Cal. 2023).

The venue motion must fail here for the same reasons as Defendant's jurisdictional motion. As an initial and fundamental matter, Defendant doesn't even produce the terms and conditions on the website the Plaintiff is alleged to have visited. Instead, it produces the terms and conditions of a *different website entirely*, myprizesearch.com. ECF No. 9-1. Given that these terms and conditions serve as the alleged contractual basis on which it is alleged that venue is improper in Oregon, and the terms and conditions aren't even of the website the Defendant claims Plaintiff visited, the motion should be denied for that reason *alone*. That is to say nothing of the other disputed factual allegations, including whether the Plaintiff visited either website as an initial matter. That being the case here, resolution of the venue motion, which sounds in the

same contract-based consent theory as the underlying claim, must be resolved through further discovery regarding the underlying claim. *Piedmont Label*, 598 F.2d at 496.

And, contractual issues notwithstanding, venue here is otherwise proper. The fundamental venue analysis for a TCPA case establishes venue is proper in the location where a plaintiff received the allegedly violative communications, as that is where "a substantial part of the events or omissions giving rise to the claim" occurred. *Pierucci v. Homes.com Inc.*, No. CV-20-08048-PCT-DWL, 2020 WL 5439534, at *3 (D. Ariz. Sept. 10, 2020); *Sapan v. Dynamic Network Factory, Inc.*, No. 13-CV-1966-MMA (WVG), 2013 WL 12094829, at *2 (S.D. Cal. Nov. 25, 2013); *Johnson v. L.*, 19 F. Supp. 3d 1004, 1009 (S.D. Cal. 2014). Here, the Plaintiff has pled, and the Defendant cannot seriously challenge, the Plaintiff's allegation that a "substantial portion of the events giving rise to this action occurred in this district" because they were "made into and received by Plaintiff in this District" to a 541- area code number. (Compl. ¶ 9, 10, 16). As a result, venue is proper and this Court should keep this case here, where it belongs as a result of a "substantial part" of the events occurring in the District of Oregon.

## <u>CONCLUSION</u>

This Court must deny Defendant's motion to dismiss in its entirety. Alternatively, it should permit the Plaintiff to amend to correct any deficiencies as necessary.

RESPECTFULLY SUBMITTED AND DATED this 20th day of October, 2025.

<div style="margin-left:40%">

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing via ECF on the below date.

Dated: October 20, 2025

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class