**Andrew Roman Perrong, OSB #243320**
a@perronglaw.com
**PERRONG LAW LLC**
2657 Mount Carmel Avenue
Glenside, PA 19038
Telephone: 215-225-5529

**Anthony Paronich,** *Admitted Pro Hac Vice*
anthony@paronichlaw.com
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

**Chad M. Colton, OSB #065774**
ChadColton@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

**Mark A. Salky,** *Admitted Pro Hac Vice*
Florida Bar No. 058221
Mark.Salky@GTLaw.com
**James E. Gillenwater,** *Admitted Pro Hac Vice*
Florida Bar No. 1013518
GillenwaterJ@GTLaw.com
**Jameris M. Ocasio Palacios,** *Admitted Pro Hac Vice*
Florida Bar No. 1049691
Jameris.OcasioPalacios@GTLaw.com
**GREENBERG TRAURIG, P.A.**
333 Southeast Second Avenue, Suite 4400
Miami, FL  33131
Telephone: (305) 579-0500

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

DEBRA JEAN COATS GRIFFIN, on behalf of herself and others similarly situated,

    Plaintiff,

v.

SENIOR HEALTHCARE ADVISORS LLC

    Defendant.

Case No. 6:25-cv-01220-AA

**JOINT DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is October 28, 2025.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiff:**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support her anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff

intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to telemarketing calls and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial

Discovery does not need to be completed in phases or be limited to or focused on particular issues.

**Defendant:**

Defendant believes that discovery should be conducted in phases, focusing first on the question of whether the plaintiff consented to receive the calls in question in light of the opt-in evidence currently in Defendant's possession. Defendant anticipates that discovery will be needed on the following subjects: (1) recordings of calls to Plaintiff; (2) trusted certificate records for Plaintiff; (3) documents regarding the process of obtaining permission to call Senior Healthcare Advisors' customers, including any internal do-not-call policy or documents reflecting same; (4) documents regarding the vendor(s) used by Senior Healthcare Advisors for the calls in question; and (5) documents regarding the individuals that contacted Plaintiff.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced

in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf ).

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the

4 - JOINT DISCOVERY PLAN

recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(D)   What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery aside from what Defendant proposes above.

**(E)   Proposed scheduling deadlines:**

1. Amend Pleadings and Add Parties: **December 29, 2025**

2. Initial Expert Disclosure Deadline: **May 28, 2026**

3. Rebuttal Expert Deadline: **June 30, 2026**

4. Discovery Cutoff: **August 1, 2026**

5. Dispositive Motions/Class Certification: **August 30, 2026**

**(F)   Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)   Magistrate Judge:**

The parties do not consent to a Magistrate Judge.

Dated: October 28, 2025                                  Respectfully submitted,

*/s/ Andrew Roman Perrong*                             */s/ Chad M. Colton*

Andrew Roman Perrong, OSB No. 243320          Chad M. Colton, OSB #065774
a@perronglaw.com                                              ChadColton@MarkowitzHerbold.com
PERRONG LAW LLC                                           MARKOWITZ HERBOLD PC
Anthony Paronich, *Admitted Pro Hac Vice*        Mark A. Salky, *Admitted Pro Hac Vice*
anthony@paronichlaw.com                                   Mark.Salky@GTLaw.com
PARONICH LAW, P.C.                                         James E. Gillenwater, *Admitted Pro Hac Vice*
                                                                             GillenwaterJ@GTLaw.com
*Attorneys for Plaintiff and the Proposed Class*     Jameris M. Ocasio Palacios, *Admitted Pro Hac Vice*
                                                                             Jameris.OcasioPalacios@GTLaw.com
                                                                             GREENBERG TRAURIG, P.A.

                                                                             *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

6 - JOINT DISCOVERY PLAN

**I HEREBY CERTIFY** that on this 28th day of October, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified above via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Anthony Paronich*

ANTHONY PARONICH
